N

# United States Bankruptcy Court
# Central District of California

Riverside

Judge Meredith Jury, Presiding

Courtroom 301 Calendar

**Monday, October 29, 2012**                                                        **Hearing Room 301**

<u>1:30 pm</u>

**6:12-31144**     **Abel Sanchez, Sr**                                                      **Chapter 13**

**#20.00**       Motion to Avoid Junior Lien on Principal Residence with HSBC Mortgage Services in re: 1117 W Fairway Blvd, Big Bear City, CA 92314
Mtn/Ntc (2) fld 10-11-12 -L/O Timothy MCCandless **[ECF]**

Docket #: 17

**\*\*\* VACATED \*\*\*     REASON: GRANTED ON THE TENTATIVE**

**Matter Notes:**

- NONE LISTED -

**Judge:**

- NONE LISTED -

**Tentative Ruling:**

**LIEN STRIP GRANT**

     <u>Final Ruling</u>: No opposition has been filed. This valuation motion has been set for hearing on the notice required by LBR 9013-1(d)(2). The failure of the junior lienholder and other parties in interest to file written opposition at least 14 days prior to the hearing as required by LBR 9013-1(f) is considered as consent to the granting of the motion. LBR 9013-1(h). Further, because the court is granting the relief requested by the moving party and for which a *prima facie* case has been established, an actual hearing is not necessary. *See* Boone v. Burk (In re Eliapo), 468 F. 3d 592, 602 (9th Cir. 2006). Therefore, the hearing is vacated and the motion is granted in favor of the movant. LBR 9013-1(j)(3).

     Debtor seeks to value the debtor's real property at a fair market value of $236,000 as of the date of the petition. The subject property is encumbered by a first deed of trust lien held by Nationstar Mortgage, securing a loan with a balance as of the petition date of approximately $258,715. Therefore, HSBC Mortgage Services, Inc.'s claim secured by a junior deed of trust lien is completely under-collateralized. No portion of this claim will be allowed as a secured claim. See 11 U.S.C. § 506(a).

     The fact that the junior lienholder's claim is secured only by a security interest in the debtor's

# United States Bankruptcy Court
## Central District of California

### Riverside
### Judge Meredith Jury, Presiding
### Courtroom 301 Calendar

**Monday, October 29, 2012**　　　　　　　　　　　　　　　　　　　　　　　　　　**Hearing Room 301**

**1:30 pm**

**Cont....**　　　**Abel Sanchez, Sr**　　　　　　　　　　　　　　　　　　　　　　　**Chapter 13**

principal residence does not prohibit modification. Zimmer v. PSB Lending Corp. (In re Zimmer), 313 F 3d 1220, 1227 (9th Cir. 2002). Furthermore, no interest need be paid on the junior lienholder's wholly unsecured claim except to the extent otherwise required by 11 U.S.C. §1325(a)(4). The junior lienholder's deed of trust will remain of record until the plan is completed. 11 U.S.C. § 1325 (a)(5)(B)(I).

To the extent that valuation is based on evidence in the form of the debtor's declaration, the debtor may testify regarding the value of property owned by the debtor. Fed. R. Evid. 701. Given the absence of evidence to the contrary, the debtor's opinion of value is conclusive. *See*, Enewally v. Washington Mutual Bank (in re Enewally), 368 F. 3d 1165, 1173 (9th Cir. 2004).

Debtor's counsel shall submit an appropriate order.

### Party Information

**Debtor(s):**
　　Abel Sanchez　　　　　　　　　　　　　　　　　　　Represented By
　　　　　　　　　　　　　　　　　　　　　　　　　　　Timothy L McCandless

**Movant(s):**
　　Abel Sanchez　　　　　　　　　　　　　　　　　　　Represented By
　　　　　　　　　　　　　　　　　　　　　　　　　　　Timothy L McCandless

**Trustee(s):**
　　Rod (MJ) Danielson (TR)